## GEORGE W. SUTHERLAND *et al.*

*v.*

## GEORGE W. PARKINS.

1. CONTRACT — *proposition to sell until accepted is not a contract that can be enforced.* Where the owner of land made a proposition in writing to sell the same on certain terms, a part of the price to be paid down at the time of the purchase, to be binding if accepted within one year, and it appeared that the party to whom the offer was made was in possession under a lease

from the party making the offer, and died within the year without giving any notice of acceptance, or making any payment, or securing the balance by notes and mortgage as required in the offer: *Held*, that these facts failed to show an acceptance, and that there was no valid contract that could be specifically enforced.

2. Same — *heirs have no right to accept an offer of sale made to their ancestor.* When the ancestor has the privilege of accepting an offer of sale within one year, and dies within the year without accepting, he has no estate which can descend to his heirs, and they will not have the right to accept the same within the time allowed their ancestor. The offer in such a case is personal.

3. Specific performance — *there must be mutuality.* Where a contract for the sale of land is such that the vendor could not enforce the same against the vendee in his lifetime or against his estate after his death, the heirs of the vendee will have no right to insist upon a specific performance.

4. Possession — *whether referred to lease or contract for sale.* Where a party in possession of land under a lease from the owner takes a written offer for the sale of the premises, to be accepted in a given time, but dies without giving notice of its acceptance, or complying with the terms of the offer, his possession, fencing the land and paying taxes, will be referred to the relation under which he entered, in the absence of allegation and proof to the contrary.

Appeal from the Superior Court of Cook county; the Hon. Samuel M. Moore, Judge, presiding.

Mr. Allan C. Story, and Mr. Rufus King, for the appellants.

Mr. J. W. Pitman, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This bill was filed by the heirs of George G. Sutherland, deceased, to enforce the specific performance of a contract alleged to have been made between their ancestor and defendant in regard to the sale of the tract of land described in the bill. The contract is in writing, bears date May 10, 1871, and was delivered to Sutherland in his lifetime. It is made an exhibit and a part of the bill. By its terms, defendant offered to sell to Sutherland a certain forty acres of land, described by its num-

bers, for $200 per acre, payable as follows:   $2,000 at the time of purchase, and the other $6,000 to be secured by six promissory notes, with mortgage upon the premises, payable in equal yearly installments, with eight per cent interest per annum. Conveyance to be by warranty deed, except as to lease and drainage, incumbrances and taxes.   This agreement was only signed by defendant, and contained this clause : " The above proposition will be accepted by me at any time during one year from date, but not longer."

Sutherland died on the 10th day of June, 1871, just one month after the date of this proposition of sale.   Whether he ever accepted the offer therein contained is the principal question in the case.   It arises upon demurrer to the bill.

The only allegation as to the acceptance of the provisions of the contract by Sutherland during his lifetime is as follows : " The said George G. Sutherland was in possession of said premises at the time, under a lease from said Parkins, and remained in possession at the time of his death, and at once proceeded to fence said premises, and by himself and his heirs herein have since paid all taxes assessed thereon, and retained possession of said lands, cultivating and using the same."   This, with the additional charge the writing had been recorded on the 16th of May, and re-recorded after the records of Cook county had been destroyed by fire, are all the allegations of the bill on the question of acceptance by Sutherland of the contract in his lifetime.   Of course, the demurrer admits the allegations of the bill to be true, and construing them even favorably for complainants, we do not think the bill contains facts from which it may be inferred Sutherland ever accepted the proposition as contained in defendant's offer of May 10, 1871.

It is not alleged he ever notified defendant of his acceptance of the proposition, nor that he ever offered to pay the cash payment, and secure the balance of the purchase price of the land by his notes and a mortgage upon the premises.   These were conditions precedent, and indispensable to make a valid con-

tract. Without such an offer, there could be no acceptance. They were the terms on which the owner was willing to sell his property, and having offered no other he could not be compelled to part with it until there had been an offer of compliance within the time limited, with the conditions proposed. Nothing appears from which an inference can be drawn that Sutherland ever obligated himself to comply with the terms of the proposition.

It is said he was in possession under a lease from defendant, and that he proceeded at once to fence the premises. The offer of sale made to him did not authorize any such acts. He had been previously in possession under a lease, and his improvements by him made, in the absence of any allegation to the contrary, may be referable to that relation. It is not alleged these acts were done under the contract, nor in fulfillment of it. As was said in *Wood* v. *Thornley*, 58 Ill. 464, the mere possession of land under a parol agreement of sale, even with the superadded fact of valuable improvements, will not be deemed part performance if the possession was obtained otherwise than under the contract. Hence, it cannot be said, it is made to appear there was any express acceptance by Sutherland of the proposition of sale made to him by defendant, by any offer to comply with the terms of the proposition, nor by any performance of the contract on his part.

But, it is alleged, the heirs of Sutherland, in March, 1872, within the time limited, accepted the proposition of sale, notified defendant thereof, tendered him the amount of the cash payment, offered to secure the balance with notes and mortgage, and demanded a conveyance to themselves of the premises. This they had no right to do. Because the defendant may have been willing to sell the premises to their ancestor upon the terms indicated, it by no means follows he could be compelled to sell the same to complainants. The offer was personal to Sutherland, and never having been accepted by him, he acquired no such estate as would descend to his heirs. No contract was alleged

that could have been enforced by defendant against Sutherland in his lifetime, nor against his estate after his death. Clearly, the heirs had no right to insist upon the performance of the proposition of sale, which their ancestor never had, and, may be, never would have accepted. They can have no other rights under the proposition than their ancestor had at his death. Mr. Fry, in his work on Specific Performance, states accurately this branch of the law, where it is said, the heir or devisee has no right to insist on the completion of the purchase, except where the contract is such as might have been enforced against his ancestor or testator, for otherwise he would be able to take the money from the personal estate in order to purchase for himself that which his ancestor was not bound to purchase, and perhaps never would have purchased. Fry on Spec. Per., § 119.

But a still more forcible exposition of this doctrine is given in *Broome* v. *Monck*, 10 Ves. 597, where the Lord Chancellor said: "As between the heir and the personal representative, *Lacon* v. *Mertius, Buckmaster* v. *Harrop*, and other cases, establish the general principle, that whatever is the state of liability of the party himself to take at his death, must be the state of liability to be considered upon questions between those representing him after his death; and, if at his death he could not be compelled to take, clearly the heir could not say to the executor: ' I will have the estate and you shall pay for it.' "

This is precisely the case at bar. As we have seen, Sutherland in his lifetime had done nothing to manifest an acceptance of the proposition of sale made to him by defendant. No liability rested upon him that could have been enforced, and hence the heirs cannot say they will accept for their own benefit the proposition made to their ancestor, and have the land paid for out of the personal effects of the estate.

The case of *Perkins* v. *Hadsell*, 50 Ill. 216, cited by complainants, has but few if any elements in common with the one we are considering. The acts done in performance of the contract were authorized by its express terms. Here, there was no

performance, or offer of performance, of the conditions of the proposition, upon the terms of which defendant was willing to sell his property. The acts done may be referable to the rights acquired under the prior possession. In the former case, the vendee, by the performance of the conditions of the contract, acquired an estate that would pass to his assignee, or descend to his heirs in case of death. Here, the ancestor had no estate which he could convey, or which would descend to his heirs. The cases are not analogous. The bill on its face presents no ground for equitable relief, and was therefore properly dismissed.

The decree of the court below will be affirmed.

*Decree affirmed.*