## Robert H. Law v. John C. Uhrlaub.

1. PRACTICE—*Nature of Action for Money Had and Received.*—The action for money had and received has been likened to a bill in equity. It may in general be maintained by any legal evidence showing that the defendant has received or obtained possession of money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff. It is a liberal action, in which the plaintiff waives all tort, trespass and damages, and claims only the money which the defendant has actually received.

2. SAME—*When Action for Money Had and Received is Maintainable.*—An action for money had and received is maintainable whenever the money of one man has, without consideration, got into the pocket of another.

3. LANDLORD AND TENANT—*Construction of Provision in a Lease*

*Against a Forfeiture of the Rents to be Paid During the Full Term.*—
The provision in a lease against a forfeiture of the rents to be paid during
the full term should not be construed as authorizing the lessor to collect
the subsequent rent, both from the lessee named in the lease, and also
from the tenant, to whom the lessor may re-let the premises. The pro-
vision does not contemplate the collection of double rent; but the rent
due from the original lessee is to be credited with such rent as is real-
ized from the re-letting. The lessor is entitled to such sum as shall be
equal to the rents required by the terms of the lease, to be paid during
the full term, and not to any greater sum.

**Assumpsit.** for rent. Appeal from the Superior Court of Cook
County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the
Branch Appellate Court at the October term, 1901. Affirmed. Opinion .
filed November 28, 1902.

TAYLOR & MARTIN, attorneys for appellant.

KRUSE & PEDEN, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion
of the court.

This was an action begun before a justice of the peace
and from judgment had before him taken to the Superior
Court.

Upon the trial it was stipulated that on the 19th day of
January, 1900, appellant leased to appellee certain premises
in Chicago from the first day of February, 1900, until the
30th day of April, 1900, for which appellee covenanted to
pay as rent the sum of $900 in three equal installments of
$300 each, in advance, upon the first day of each and every
month of said term; that appellee took possession of said
premises January 19, 1900, and remained in possession until
April 5, 1900, when he vacated the premises, turned over
the keys to appellant and stated that he would refuse longer
to occupy the same and surrendered possession thereof to
appellant, who thereupon re-entered into possession of the
same; that after April 13, 1900, appellant, under the terms
of said lease, caused a judgment to be entered up in his
favor against appellee in the Circuit Court of Cook County,
Illinois, for the sum of $320, being the sum due under said
lease by its terms upon April 1, 1900, for the month of

April, 1900, and the amount provided for therein as attorney's fees for entering up judgment; that an execution was issued upon said judgment against appellee and that he, on or about the 25th day of April, 1900, paid, under protest, said judgment, amounting to $320 and costs accrued thereon, taxed at $13; that on or about the 16th day of April, 1900, appellant leased said premises to the Pan-American Flag Company, said lease running from April 16 to April 30, 1900, inclusive; that appellant received therefor from said lessee, the Pan-American Flag Company, the net sum of $133; that appellee has demanded from appellant that he pay to him said sum of $133, and appellant has refused to pay the same or any part thereof; that on or about April 2, 1900, and April 5, 1900, appellant demanded from appellee the amount due by the terms of the lease by him made, on April 1, 1900. Appellee recovered judgment for $133.

The action of appellee, begun before a justice of the peace, is of such nature as the evidence adduced shows it to be. The stipulation of the parties upon which the case was tried makes appellee's action one for money had and received. Such action has been likened to a bill in equity. It may in general be maintained by any legal evidence showing that the defendant has received or obtained possession of money of the plaintiff, which in equity and good conscience he ought to pay over to the plaintiff. It is a liberal action, in which the plaintiff waives all tort, trespass and damages, and claims only the money which the defendant has actually received. 2d Greenleaf on Evidence, Sec. 117; 1st Chitty on Pleading, 16th Am. from 7th Eng. Ed., page 362; Lockwood v. Kelsea, 41 N. H. 185. An action for money had and received is maintainable whenever the money of one man has, without consideration, got into the pocket of another. Hudson v. Robinson, 4 Maule & Selwyn, 475.

Has appellant received money which in equity and good conscience he ought to pay appellee? It is true, as appellant urges, that the $300 rent to be paid for the use of such premises during the month of April, 1900, was due and pay-

able on the 1st day of that month, and that appellant need not have waited until the 5th of said month, but therefore then might, as he thereafter did, have entered judgment for the entire $300 to be earned as rent during said month, or that he could, prior to the 5th of April, have declared a forfeiture of said lease for the failure to pay rent, as agreed, upon the first day of the month. It is also true that the lease provides that the after-receipt of rent shall not operate as a waiver of a right to forfeit the lease for any breach of any of the covenants thereon. Appellant did not declare a forfeiture of the lease, but on the 5th of April appellee surrendered possession of the premises and the keys therefor to appellant, who thereupon re-entered into possession of the same. That then done, so far as appears, was the result of mutual agreement. It does not appear that it was then agreed that appellant might enforce the obligation of appellee to pay the $300 due for the use of said premises during the month of April and that appellant might also rent said premises for the remainder of the month to whomever he could, and that whatever appellant might obtain by a re-letting during said month should be retained by him. In other words, it does not appear that there was either agreement or understanding that appellant might receive double rent for the use of the premises during the balance of said month. In the absence of evidence showing such understanding, it is not to be inferred that there was such. It was then the case that while appellee might be put out of the premises and still held for the unpaid rent, if appellant did receive rent for the balance of the month, whatever was so received by him, he would be obliged to credit upon that then owing by appellee. There was thus no reason why appellee should yield possession of the premises, remaining liable for rent for the entire month according to his agreement, and make to appellant a present of whatever he might be able to obtain from a third party for the use of the premises during the balance of the month.

Appellant urges that the judgment by confession which appellant caused to be entered estops appellee from the claim by him made in this case. The judgment was entered

Law v. Uhrlaub.

under the terms of the lease for rent due April 1st for the use of the premises during that month. Appellee is not contending that there was not due to appellant on the 1st of April, 1900, the sum of $300, rent for the month of April; that was established by the judgment, and so far as appears, nothing else was established. Appellee is claiming, because of things that happened *subsequent* to the entry of said judgment; three days *after* the entry of said judgment, to wit, April 16th, appellant leased the premises for the balance of that month to the Pan-American Flag Company, receiving from it for the residue of that month, $133. Appellee did surrender possession of the premises and thereby gave to appellant an opportunity and a right to re-rent them to another party. He was not released from the payment of the rent due April 1st.

Appellant insists that he is entitled to rent for the premises from appellee and also to rent for the premises from a third party with whom appellee had no connection. Rent is compensation for the use of land; when, therefore, the right to use or possess ceases, the consideration for payment of future rent is at an end.

The Supreme Court in Grommes v. The St. Paul Trust Company, 147 Ill. 634, in respect to a contention similar to the one now under consideration, said :

" We do not think that the provision in the lease against a forfeiture of the rents to be paid during the full term can be construed as authorizing the lessor to collect the subsequent rent both from the lessee named in the lease, and also from the tenant, to whom the lessor may re-let the premises. The provision does not contemplate the collection of double rent; but the rent due from the original lessee is to be credited with such rent as is realized from the re-letting. The lessor is entitled to such sum as shall be equal to the rents required by the terms of the lease to be paid during the full term, and not to any greater sum. In harmony with this view the fourth instruction given for the plaintiff instructed the jury to deduct from the amount of rents remaining unpaid, if any, as they may find from the evidence the said Henry H. Sibley received from said premises during the remainder of said term.' "

The judgment of the Superior Court is affirmed.