F. J. Raddle, Appellant, v. Conrad Lindemann et al., Appellees.

CONTRACTS—*option defined.* An option is defined to be "a right acquired by contract to accept or reject a present offer within a limited or reasonable time in the future." *Held*, that the contract in question in this case was not one conferring an option, but, upon the other hand, was one creating an agency to sell.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1909. Reversed and remanded. Opinion filed November 13, 1909.

MAURICE V. JOYCE and A. B. GARRETT, for appellant.

DAN McGLYNN, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This cause originated before a justice of the peace. Upon appeal to the City Court of East St. Louis, there was a trial by jury. After the introduction of the evidence, the court gave a peremptory instruction to return a verdict finding the issues for appellees. Upon such verdict, there was a judgment from which appellant appealed.

The suit was instituted by appellant against appellees to recover damages claimed to have been sustained by the wrongful taking and removal of a stone foundation from certain lots described as Nos. 21 and 22, block 3, of the first subdivision of part lot 29, of Prairie Du Pont Common Fields, in St. Clair county.

The facts about which there is no controversy show that appellee, Conrad Lindemann, with George and W. C. Lindemann and Catherine Dyroff were the owners of a tract of land in said county, and on December 26, 1905, they entered into an agreement in writing with one L. Beauman wherein it was agreed that they would plat and subdivide the tract into lots for business and residence purposes with streets and alleys. Beauman agreed to take exclusive charge of the property and make reasonable efforts to sell it either as a whole or in parcels and out of the proceeds pay the owners $800 per acre for high land and $400 per acre for low land and in case of dispute as to classification to be settled by arbitration. The payments to the owners were to be made within twenty-four hours after Beauman received the cash if demanded, and that notes were not to be considered as cash. It was further agreed that all proceeds derived over the amount specified to be paid the owners should be retained by Beauman for his commissions and upon payment to the owners for a parcel of land they would execute and deliver to the purchaser a deed. It was further provided that in a settlement between the parties, the owners should receive the same pay per acre for the streets

and alleys as they were to receive for the lots and parcels adjoining.

There were further provisions for the extension of the agreement; the right to reserve by the owners two lots each to be selected by them; a restriction upon the right of Beauman to sell any parcel without a cash payment of at least ten per cent and the exclusive right to Beauman to construct upon the streets and alleys poles and electric wires, also water, sewer and gas mains and to have exclusive control thereof.

The agreement was filed for record December 24, 1906, and the above recital sets forth its material terms.

On November 12, 1906, Beauman executed to appellant a bond for a deed to said lots 21 and 22 and also lots 15 and 16, all in block 3 of said subdivision, whereby Beauman agreed upon the payment by appellant of $550 cash and $500 on August 12, 1907, with interest, to convey to appellant by deed of warranty the lots. Appellant paid the consideration according to the terms of the bond and on the 13th of September, 1907, received from the owners who executed the agreement to Beauman a warranty deed conveying to him the said lots.

At the time of the execution of this bond, the stone foundation above referred to was on lots 21 and 22, and there is no evidence that at the time the bond was executed to Raddle he had any notice that any person other than the owners of the land claimed to own the stone. Appellant testifies he had no such notice.

After the execution of the bond and before the deed from the owners was executed to appellant, appellee Dumont removed the stone from the premises.

It appears Dumont's claim to the stone arises from the following facts. Prior to the execution of the bond for deed to appellant above mentioned (about June 6, 1906), appellee, Conrad Lindemann, moved away the house that rested on the foundation and sold the stone to one Defreene, who, in June or July of the same

year, sold the stone to appellee Dumont. Dumont moved it away in June or July, 1907.

Whether the agreement of December 26, 1905, between the Lindemanns and Beauman, the substance of which is above set forth, was an option to Beauman or whether the effect of it was to create in him an agency to sell the lots, is a material question to be determined.

An option is defined to be "a right acquired by contract to accept or reject a present offer within a limited or reasonable time in the future." Am. & Eng. Ency., 2nd Ed., 924.

"An option is a contract by which the owner of property agrees with another person that he shall have the right to buy his property at a fixed price within a certain time. He does not sell his land. He does not then agree to sell it; but he does sell something, viz.: the right or privilege to buy at the election or option of the other party * * *. A contract must be supported by a consideration whether it be the actual sale of lands on agreement to sell, or the actual sale of the right to demand the conveyance of lands." Ide v. Leiser, 24 Am. State Reports, 17.

There is nothing in the agreement giving Beauman the right to purchase the property himself; it simply authorizes him to sell at a fixed price under a certain classification and when so sold the owners agree to execute deeds to the purchasers, and for his compensation Beauman is to receive all over the fixed price he is able to get by way of commission less the value of the streets and alleys to be determined on settlement with Beauman.

It cannot be doubted that the owners would be compelled to perform all contracts made with others by Beauman within the scope of the agreement.

The agreement does not come within the definition of an option, but is clearly one which constitutes Beauman the agent of the owners for the sale of the property. This being true, the bond for deed executed by him to appellant on November 12, 1906, was in effect

the bond of the owners, the Lindemanns and Catherine Dyroff, and when they executed a deed to appellant which they did, it related back to the date of the bond and conveyed the title and the property as it was at the time the bond was made. Snapp v. Peirce et al., 24 Ill. 156; O'Neal v. Wabash Av. Bap. Ch. et al., 48 *id.* 349.

At the time of appellant's purchase and taking the bond for a deed the stone was on the premises in the foundation and was a part of the realty, and there is no evidence of any notice to him of the claims of others. This being so appellant was entitled under his bond for deed, as against the owners who executed a bond by their agent Beauman, to the stone and the fact that after receiving his bond for a deed and before final payment and receiving a deed, he had notice of the claims of others to the stone, did not affect his right to the property as against appellee Lindemann as it was when he purchased and received his bond.

The testimony shows that appellee Dumont purchased the stone from Defreene prior to the execution of the bond for deed which bond was never recorded and that Dumont had no notice of any claim of appellant. Defreene had purchased from appellee Lindemann who with the other owners were in possession then and also at the time Dumont purchased and we are of opinion that Dumont was not liable to appellant and the court did not err in instructing the jury to find the issues for him.

The stone being a part of the realty at the time the bond for deed was executed, appellant had the right to have it as against Lindemann without regard to any disposition appellee Lindemann had made of it and if the stone was not delivered to appellant he should be compensated.

The deed executed to appellant by appellee Lindemann and his co-grantors, was a warranty deed in statutory form and was equivalent to a deed with full covenants. The obligation of the covenantors was

joint and several and appellant might elect to sue one or all. He had the right in his action before a justice of the peace to recover the value of the stone from appellee Lindemann for a breach of the covenant and the court erred in instructing the jury to find the issues for appellee Lindemann.

The judgment will be reversed and the cause remanded as to appellee Lindemann and affirmed as to appellee Dumont.

*Reversed and remanded.*