ELLIOTT W. CLARK, Appellant, *vs.* NANCY POTTS *et al.*
Appellees.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. CONTRACTS—*contract to sell land must be binding upon both parties.* To constitute a valid executory contract for the sale of land the promises of the parties must be concurrent and obligatory, so that both parties will be bound.

2. SAME—*proposed purchaser need not sign contract but must accept it by some overt act.* While it is not necessary that the party to whom the written offer to sell land is made shall sign the contract, yet he must accept it by some overt act before the obligations of the contract will become binding upon both parties, and his mere mental intention to accept is not sufficient.

3. SAME—*offer to sell land may be withdrawn before acceptance.* Where a written proposition to sell land is made without the payment of a consideration, it may be withdrawn at any time before acceptance.

4. SPECIFIC PERFORMANCE—*when contract cannot be enforced.* A written executory contract for the sale of land cannot be specifically enforced though signed by the proposed vendor, where the latter withdrew the offer and refused to carry out the contract before the proposed vendee had done anything in the way of accepting the contract which would have bound him to a performance thereof at the suit of the proposed vendor.

VICKERS and COOKE, JJ., dissenting.

APPEAL from the Circuit Court of Coles county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

ALBERT C. ANDERSON, for appellant:

There is no special requisite of mutuality required in specific performance different from other equitable actions. All that is required is a valid contract between the parties, binding on both. 36 Cyc. 622; *Oswald* v. *Nehls,* 233 Ill. 445.

What is meant, no doubt, by appellees when speaking of mutuality is that there was no acceptance and no contract.

It is well settled in this State that an acceptance need not be indicated by signing. One accepting a written contract is bound, and he may maintain specific performance. *Forthman* v. *Deters,* 206 Ill. 159; *Sellers* v. *Greer,* 172 id. 552.

It is sufficient that the party not agreeing to convey real estate accept. The Statute of Frauds only requires the signing by the party to be charged. It is well settled by the decisions of this State that where a party accepts a written contract he will be bound although it is not signed by him. *Forthman* v. *Deters,* 206 Ill. 166; *Ullsperger* v. *Meyer,* 217 id. 269; *Guyer* v. *Warren,* 175 id. 335.

Suits may be maintained at law or in equity against a party not signing, where he accepts a written contract. Such contract becomes binding on both parties and either may maintain an action. *Rigdon* v. *Conley,* 141 Ill. 568; *Memory* v. *Niepert,* 131 id. 623.

Where a party refuses to carry out a contract no tender is necessary before suit brought, on the ground that equity will not require a useless thing to be done. A general tender and an offer to do equity in the bill is all that is required. Averment of willingness is sufficient. *Scott* v. *Beach,* 172 Ill. 278; *Meckel* v. *Johnson,* 231 id. 540; *Lyman* v. *Gedney,* 114 id. 390; *Cohen* v. *Segal,* 253 id. 34.

HENRY A. NEAL, for appellees:

Specific performance will not be enforced if there is anything that makes it unconscionable. A court of equity is not bound to compel the performance of every contract although there may not be sufficient grounds for annulling it. *Kimball* v. *Tooke,* 70 Ill. 553; *Godwin* v. *Springer,* 233 id. 229; *Stone* v. *Pratt,* 25 id. 25; *Fish* v. *Leser,* 69 id. 394; *Crandall* v. *Willig,* 166 id. 233.

To constitute a valid executory contract both parties must be bound thereby. The promises of each party must have been concurrent and obligatory on both at the same time to make the promise of either binding. *McKinley* v.

*Watkins,* 13 Ill. 142; *Olney* v. *Howe,* 89 id. 556; *Short*
v. *Kieffer,* 142 id. 258.

In whatever mode assent is signified, whether by writ-
ing, by words or by conduct, it must be actually expressed
in some overt manner by some overt acts. A mere mental
intention to accept an offer, however carefully formed, will
not create a contract. Pomeroy on Contracts, sec. 66;
*Frith* v. *Lawrence,* 1 Paige, 434; *Sutherland* v. *Parkins,*
75 Ill. 338; *Waggeman* v. *Bracken,* 52 id. 468; 9 Cyc. 271.

A contract signed by only one of the parties becomes
mutual only when the other party assents to its terms and
holds and acts upon it as a valid agreement. *Sellers* v.
*Greer,* 172 Ill. 549; *Vogel* v. *Pekoc,* 157 id. 339.

A written proposition for the sale of land without con-
sideration may be withdrawn at any time before acceptance,
and if no time is limited in which to accept, the law fixes
a reasonable time. *Larmon* v. *Jordan,* 56 Ill. 204; *Levin*
v. *Deitz,* 20 L. R. A. (N. S.) 251; *Corbett* v. *Cronkhite,*
239 Ill. 9; *Cortelyou* v. *Barnsdall,* 236 id. 238.

Where specific performance is asked of a contract signed
by one party, the party not signing must have accepted the
contract and performed all the conditions imposed on him
before the other party has withdrawn his offer. *Bigler* v.
*Baker,* 24 L. R. A. 255.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of
Coles county by Elliott W. Clark against Nancy Potts and
William Potts to enforce the specific performance of a
contract in writing alleged to have been entered into by
Nancy Potts and her husband, William Potts, with El-
liott W. Clark for the sale to Clark of the east half of
the south-east quarter of section 14, in town 12, north of
range 10, east of the third principal meridian, Coles county,
Illinois, for the consideration of $9600 and the payment

of one-half of the taxes for the year 1911, which contract reads as follows:

"This agreement, made this 20th day of December, A. D. 1911, witnesseth that Nancy Potts and William Potts agree to convey to E. W. Clark, by good warranty deed, the premises described as east half of south-east quarter of Sec. 14, T. 12, N., R. 10, East 3d P. M., Coles county, Illinois, for the consideration of $9600, to be paid so soon as Nancy Potts can get abstract and other details attended to. Clark also agrees to pay one-half of taxes of 1911. Nancy Potts agrees for said consideration to convey said land by warranty deed signed by her husband, and agrees to furnish abstract of title showing good merchantable title in her at the time of the delivery of the deed and said land free and clear of all encumbrance. If Mrs. Potts wishes to loan any part of the money to be paid on encumbrance on the land this will be arranged.

her<br>
NANCY X POTTS, (Seal).<br>
mark<br>

Witness to mark: C. H. White. 　　WILLIAM POTTS. (Seal)."

An answer and replication were filed, the cause was heard by the court and a decree was entered dismissing the bill for want of equity, and the complainant has prosecuted this appeal.

The facts disclosed by the pleadings and proofs are, in brief, as follows: The defendant Nancy Potts was the owner of the premises in controversy on the 20th day of December, 1911, and the complainant was in possession of said premises as her tenant under a lease of four dollars per acre cash rent, which had three years to run from March 1, 1912. Some time about the first of December Clark heard that Mrs. Potts wanted to sell the land and he called to see her with reference to its purchase. After some conversation Clark stated to Mrs. Potts the farm was more than he could handle, and he went away. On the next day, which was Sunday, he saw a neighbor, Leroy Doty, who owned land adjoining the Potts land, and he offered to pay Clark $150 per acre for forty acres of the Potts land if Clark bought it. On Monday Clark saw Mrs. Potts and offered her $120 per acre for the land,

which she agreed to take. Within a day or two Clark heard Mr. Potts would not sign a deed. He then had prepared the writing which was afterwards signed by Mr. and Mrs. Potts, and one for Doty to sign agreeing to give Clark $6000 for the south forty if he acquired title from Mrs. Potts, which was signed by Doty, and with the blank contract in his possession Clark went to see Mrs. Potts. After some controversy Mrs. Potts signed the contract, agreeing to sell the land for $9600 and the payment of one-half of the taxes for the year 1911. Clark then took the contract and found Mr. Potts, who signed the contract. Clark did not see Mrs. Potts after the contract was signed by Mr. Potts for three or four days, when he asked her if she was ready to close the contract. She said she was not, and thereafter declined to perform the contract by conveying the land, whereupon this bill was filed.

It is first contended that Mrs. Potts, who was upwards of seventy years of age, did not have sufficient mental capacity to make a contract for the sale of her land, and that Clark overreached her in the price which he agreed to pay her for the land and purchased the land for $2400 less than it was worth, and that for that reason Mrs. Potts ought not to be required to specifically perform said contract by conveying said land. We are impressed from the evidence that Mrs. Potts fully understood what she was doing at the time she agreed to sell the land to Clark, and that the consideration which she was to receive for the land was not so inadequate as to render the contract invalid if in other respects the contract was a valid contract for the sale of said land.

It will be observed that the evidence shows Mr. Potts was not present when the contract was signed by Mrs. Potts, and after it was signed by Mrs. Potts the complainant took the contract and found Mr. Potts and he signed it; that the contract was never signed by Clark, and that the first time Clark saw Mrs. Potts after the contract was

signed by Mr. Potts she declined to be bound by the contract. The contract by its terms does not bind Clark to take the land, but only binds Mrs. Potts to sell it to him on the conditions stated in the contract. It is apparent from the contract that Clark was not bound to take the land until he had accepted the terms of sale as stated in the contract by signing the contract, or by such unequivocal acts of acceptance on his part, other than signing, as would, in law, make him a party to the contract and bind him to a performance of its terms, and it is equally true that Mrs. Potts had the right to withdraw her offer to sell to Clark, as evidenced by the contract, at any time up until the contract was accepted by Clark. The law is well settled in this State that to constitute a valid executory contract for the sale of land both parties must be bound,—that is, the promises of the parties must be concurrent and obligatory, otherwise the contract will bind neither; (*McKinley* v. *Watkins,* 13 Ill. 140; *Olney* v. *Howe,* 89 id. 556; *Short* v. *Kieffer,* 142 id. 258;) and while it is not necessary that the contract be signed by both parties, the assent of the parties to the contract must be expressed by some overt act, and the mere mental intention of a party to accept an offer for the sale of land who has not signed a contract will not bind him, however deliberate the intention to accept a contract may have seemed. In other words, it must appear that the contract has been accepted and adopted as his own by the party to whom an offer of sale has been made, before the obligations of the contract will become mutual and binding upon the parties; (*Sutherland* v. *Parkins,* 75 Ill. 338; *Waggeman* v. *Bracken,* 52 id. 468; *Vogel* v. *Pekoc,* 157 id. 339; *Sellers* v. *Greer,* 172 id. 549;) and where a proposition of sale of real estate is made without the payment of a consideration it may be withdrawn at any time before it is accepted. *Larmon* v. *Jordan,* 56 Ill. 204; *Corbett* v. *Cronkhite,* 239 id. 9; *Cortelyou* v. *Barnsdall,* 236 id. 138.

We think it clear that the proposition made to Clark by Mrs. Potts was never so far accepted by Clark before it was withdrawn by Mrs. Potts, that Mrs. Potts could have maintained a bill, based upon Clark's acceptance of the contract, to require Clark to take the land and pay her therefor according to the terms of the contract. Clark took the contract from Mrs. Potts, not as an executed contract, but for the purpose of having it signed by her husband. After it was signed by the husband he did no act which showed he had accepted its terms until he was informed by Mrs. Potts she would not perform its terms. The minds of the parties never met. Had Mrs. Potts filed a bill against Clark, instead of Clark filing a bill against Mrs. Potts, for the specific performance of the contract, Clark would have had a complete defense to the bill on the ground that the contract had never been accepted by him and was not binding upon him, and Mrs. Potts would have been without proof to show the acceptance of the contract by Clark. If the contract was not binding on Clark it was not binding upon Mrs. Potts. If Mrs. Potts could not maintain a bill for specific performance against Clark, Clark could not maintain a bill for specific performance against her.  In *Winter* v. *Trainor,* 151 Ill. 191, this court, in speaking on this subject by Mr. Justice Baker, said: "It does not appear from the instrument that appellant had either received or given any consideration. The paper, on its face, does not purport to be in any manner binding upon appellant. Under these circumstances, can the instrument here in question be said to be of such a character that a performance of the contract it is alleged to contain could be enforced against the appellant by appellee? We think not. Then, since appellant is not bound there is a want of mutuality, and a court of equity will not interfere in his behalf. Unless a contract can be specifically enforced as to all parties, equity will not interfere."

It is, we think, clear from this record that the trial court properly held that the contract sought to be specifically enforced in this case was not binding upon the complainant, and for that reason it should not be specifically enforced against the defendants.

The decree of the circuit court will be affirmed.

*Decree affirmed.*

VICKERS and COOKE, JJ., dissenting.