W. E. Bayfield, Defendant in Error, v. W. E. Defenbacher, Plaintiff in Error.

Gen. No. 35,027.

386

Opinion filed May 17, 1932.   Rehearing denied May 31, 1932.

BENJAMIN LEVERING and ELMER H. HEITMANN, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This writ of error is sued out to reverse a judgment of the municipal court rendered February 15, 1930, against defendant for $5,000, in an action of the 1st class in assumpsit for money had and received. The judgment was entered after a trial without a jury— the court finding the issues against defendant and assessing plaintiff's damages at $5,000. No appearance or brief has here been filed by plaintiff.

The action was commenced on January 31, 1927. Defendant moved to strike from the files plaintiff's original statement of claim, but the motion was denied. Thereupon defendant filed an affidavit of merits which, on plaintiff's motion in the nature of a demurrer, was stricken, and, defendant having elected to stand by his pleading, judgment by default was entered against him for $5,000, and he appealed to this court. On January 31, 1928, having considered the record and the briefs and arguments of respective counsel, we reversed that judgment and remanded the cause. (*Bayfield v. Defenbacher*, 247 Ill. App. 633.) At the conclusion of our opinion (not published) we said:

"Inasmuch as defendant has raised certain issues by his pleading proper for determination if the statement of claim is to stand, we merely decide that such statement is not in such form as precluded defendant from pleading as one of said issues that the money was paid as consideration for an option to purchase said stock and was to be applied on the purchase price only in case the option was accepted. In the form in which plaintiff has pleaded his cause of action we think that issue was properly taken.

"Plaintiff's entire claim rests upon his construction of said agreement without properly presenting the same for construction, and the defense evidently is one based upon a different construction or different state of facts. In other words, we think it was error to enter judgment as by default, and that the case should either be tried upon the issues the parties tried to raise or on reformed pleadings properly presenting them. No one would undertake to say that plaintiff's pleading would stand on demurrer under common law practice, and, whether under the liberal form of pleadings in the municipal court it may stand, it accords more with justice and the equitable form of action of money had and received that the issues be so formed as to

present either a clear question of law or plain issuable questions of fact.''

After the cause was re-docketed in the municipal court, plaintiff obtained leave to file, and filed on March 3, 1928, the following amended statement of claim:

''Plaintiff's claim is for the sum of $5,000 had and received by defendant for the use of plaintiff and due to plaintiff under and by virtue of a certain instrument in writing signed by defendant, as follows:

'' 'Executive Office
The Virginia Hotel
Chicago.

W. E. Defenbacher,
President.                    November 15, 1924.

This agreement made and entered into between W. E. Schofield, representing W. E. Bayfield and W. E. Defenbacher on the 15th day of November, 1924.

W. E. Defenbacher agrees to sell all of the Capital Stock of The Virginia Hotel Company to W. E. Bayfield for $160,000, $85,000 of this amount to be paid in cash and the balance—after assuming $50,000 loan at The Lake Shore Trust and Savings Bank—to be paid for at the rate of $1,000 per month, beginning sixty (60) days after December 1, 1924.

Inventories of reserve supplies on hand to be paid for by W. E. Bayfield at cost to The Virginia Hotel.

W. E. Defenbacher hereby acknowledges receipt of a check for $5,000 on purchase price.

Possession to be given W. E. Bayfield on December 1, 1924.

(Signed) W. E. Defenbacher,
W. E. Bayfield,
by W. E. Schofield, Agent.

Witness:
Blanche A. Gagnon.'

''Plaintiff alleges that there was *no consideration* for the payment of said sum of $5,000, so had and re-

ceived by defendant for the use of plaintiff, and *no agreement in reference thereto, other than that expressed and set forth in the foregoing instrument* herein sued upon; that plaintiff thereafter *elected not to purchase the Capital Stock* in said agreement in writing described, and on January 20, 1927, made formal demand of defendant for the return of said sum of $5,000; but defendant refused to return the same or any part thereof, and still retains all of said sum.

"Wherefore plaintiff sues for said sum of $5,000 with interest thereon at five per cent per annum from said January 20, 1927."

Accompanying plaintiff's statement of claim is an affidavit in the usual form, alleging that there is due from defendant said sum and interest. Subsequently defendant's motion to strike the statement of claim was denied and defendant excepted. We are of the opinion that the court did not err in the ruling.

On June 30, 1928, defendant filed an affidavit of merits, consisting of six paragraphs. Subsequently, on plaintiff's written motion to strike the affidavit, the court allowed the motion as to paragraphs 1, 2, 4, 5 and 6, but ordered that paragraph 3 of said affidavit "be allowed to stand as and for defendant's affidavit of merits," and defendant excepted. We are of the opinion, as to said five stricken paragraphs, that the ruling was correct. The paragraphs only alleged conclusions of law and did not present any issuable questions of fact. The 3rd paragraph in said affidavit of merits is in substance as follows:

That there was a valuable consideration moving from defendant to plaintiff for the payment of said sum of $5,000; that, at and prior to the execution and delivery of said instrument in writing of November 15, 1924, said sum was paid by plaintiff to defendant "for and in consideration of the giving and selling by defendant to plaintiff, at the latter's request, *of the*

*right to purchase of defendant"* (in other words of an *option* to purchase) "all of the capital stock of the Virginia Hotel Co. for $160,000, as follows: $85,000 in cash, and $50,000, by assuming to pay said mentioned loan of $50,000, . . . and $25,000,—the last mentioned sum to be paid at the rate of $1,000 per month, beginning sixty days after December 1, 1924; and that, *in the event plaintiff consummated said purchase of said stock,* the said $5,000 was to be applied upon the purchase price of said stock to be paid by plaintiff, and that the possession of the Virginia Hotel, as the property of said hotel company, was to be given to plaintiff on December 1, 1924; that defendant, since giving and selling said *right* to plaintiff, has not at any time withdrawn or impaired said right; that at the time defendant gave and sold said right, plaintiff accepted the same and all the benefits thereof, and defendant at that time, and from thence hitherto, was and is ready, willing and able to make said sale to plaintiff; and that said instrument in writing was signed and delivered by the parties thereto to evidence the said transaction between plaintiff and defendant and no other transaction."

The bill of exceptions discloses that upon the trial had in February, 1930, plaintiff introduced in evidence the instrument in writing of November 15, 1924, and also, over objection, a copy (after due notice to produce the original) of a letter written by plaintiff's agents and attorneys to defendant, dated January 20, 1927, making a formal demand on defendant for the return to plaintiff "of the sum of $5,000 deposited with you on or about December 1, 1924, in connection with the proposed sale by you to Mr. Bayfield of the capital stock of the Virginia Hotel Co.," and stating that if such demand was not complied with by January 25, 1927, suit would be instituted to recover the amount. It was shown that the letter, properly addressed, had duly been mailed to defendant, and the court properly

ruled that it was admissible to show said demand. Thereupon plaintiff rested. Defendant then moved for a finding in his favor, as a matter of law, but the motion was denied. Thereupon defendant's attorney stated: *"We are offering no evidence."* And the motion for a finding in defendant's favor was renewed and again denied. Thereupon, after arguments were made by the attorneys for the respective parties as to the law applicable, the court entered the finding and judgment as first above mentioned.

It thus appears from the pleadings and from plaintiff's evidence that the only issue was one of law, viz., the true, legal construction of said instrument in writing,—it not being questioned that subsequent to its execution plaintiff elected not to purchase the stock mentioned therein. The bill of exceptions further discloses that on defendant's motion for a new trial defendant's attorney contended (substantially as is here contended in defendant's printed brief) that the instrument sued upon is "plainly an *option* contract," under which plaintiff, upon demand for the delivery of the stock and defendant's refusal to deliver it, could have proceeded by bill for specific performance to compel such delivery, and that the contract is not a unilateral one and without consideration as contended by plaintiff. Plaintiff's attorney on the contrary contended in substance that said instrument is *not* an option contract; that it lacks a necessary element of such a contract, viz., a specific time within which the claimed option may be exercised; that the contract is unilateral, unenforceable and without consideration, in that it consists of a mere offer of sale of the stock which could be withdrawn at any time by defendant before acceptance by plaintiff; and that plaintiff, having elected not to purchase the stock, was entitled after demand made, to recover back the $5,000, which he had advanced to defendant.

After carefully considering the instrument in writing, the pleadings and the evidence, defendant's printed brief here filed, and numerous authorities, we are of the opinion that said instrument is not an option contract, and is one that is unilateral and without consideration, and that plaintiff upon his election and after demand was entitled in the present action to recover back the $5,000 which he had advanced to defendant.

In *Bates v. Wood,* 225 Ill. 126, 130, 131, it is said: "An option is a right acquired by contract to accept or reject a present offer within a limited or reasonable time in the future. (21 Am. & Eng. Ency. of Law, 2nd Ed. 924.) In such contract two elements exist: First, the offer to sell, which does not become a contract *until accepted;* second, the completed contract to leave the offer open for the *specified time."* (Citing *Black v. Maddox,* 104 Ga. 157, 162; *Ide v. Leiser,* 10 Mont. 5, 11.) And in the *Bates* case our Supreme Court further said (p. 131): "The rule is, that if there is an offer by one to do a certain thing, and a promise on his part, without any valuable consideration therefor, to leave the offer open for a limited period, no contract is thereby created, because one of the essential elements of a contract, viz., the consideration, is lacking but that where there is a valuable consideration for the promise *to leave the offer open for a limited period* a contract arises, whereby one acquires a right to accept or reject the offer within the time limited,—or, expressed in words of the same meaning, a contract arises whereby one acquires an option." Under these rules as to what constitutes an option contract, we are of the opinion that the instrument set forth in plaintiff's amended statement of claim cannot properly be considered as an option contract. The offer made by defendant to sell the stock is not stated to be open for any *specified* time. And as we construe the instrument

it is an ineffectual attempt by defendant to enter into a contract for the sale by him of the stock to plaintiff. It is not stated, however, that plaintiff *agrees to purchase* the stock. It is merely a proposal or offer on defendant's part to sell the stock, and no definite time is mentioned as to how long the offer shall be kept open. In *Raddle v. Lindemann,* 151 Ill. App. 441, quoting in part from the case of *Ide v. Leiser, supra,* it is said (p. 444): "An option is a contract by which the owner of property agrees with another person that he shall have the *right to buy* his property at a fixed price within a *certain* time. He does not sell his land. He does not then agree to sell it; but he does sell something, viz.: the *right or privilege* to buy *at the election or option* of the other party." Clearly, under this statement as to what an "option" is, the instrument here involved is not an option contract. It lacks a necessary requisite. It merely attempts to sell to plaintiff certain capital stock, which plaintiff does not agree to buy, and nowhere in the instrument is there any sale of the stock or any sale of a "right or privilege to buy" the stock. Furthermore, nothing is said in the instrument, as to the $5,000 check received by defendant, that the proceeds thereof, in case plaintiff does not elect to buy the stock, are to be forfeited to defendant as and for liquidated damages.

And we regard the instrument as being unilateral and without consideration, under the holdings in *Plumb v. Campbell,* 129 Ill. 101, 106, 107, *Clark v. Potts,* 255 Ill. 183, 188, and *Vogel v. Pekoc,* 157 Ill. 339, 342, 343. A somewhat similar case is that of *Smith v. Weaver,* 90 Ill. 392, which involved an instrument or written memorandum purporting to be a bill of sale of certain lumber. The amount of lumber was not specified, but the proposed purchaser paid to the proposed sellers $500 on account at the time of the execution of the instrument. The former, having changed his mind

about using the lumber, demanded the return of the $500, less $38.01 for lumber actually received. Upon the demand being refused he commenced suit and recovered a judgment. In affirming the judgment by a divided court, it is said (pp. 393, 394):

"The material question that arises in this case is as to the construction to be given to the written memorandum, . . . It was not a contract of sale—it was a mere offer made by appellants to appellee to let him have lumber at certain specified prices. This offer might have been revoked by appellants, if not at any time before the delivery of the lumber, at least at any time before the offer had been accepted by appellee for some definite quantity. It imposed no obligation on appellee to take the lumber, but, if he had got it, it would, in the absence of any subsequent agreement otherwise, have required him to pay the specified prices; or, if he had afterwards notified appellants that he would take any certain or fixed quantity, the offer being thereby accepted to that extent, it would have become a binding contract therefor. . . . It is true, the word 'sold' is used in the instrument; but, then, the whole instrument must be construed together, and when this is done, it is plain there is no valid contract to bind anyone. Appellee might conclude, as he did, not to build or get the lumber, and appellants might conclude, at any time before either the lumber was got or offer accepted, to withdraw their proposition."

And we think that the present action for money had and received was a proper one for the recovery of the proceeds of plaintiff's check for $5,000, which it is admitted in the instrument here involved defendant received. In *Law v. Uhrlaub*, 104 Ill. App. 263, 265, it is said that the action for money had and received "has been likened to a bill in equity. It may in general be maintained by any legal evidence showing that the defendant has received or obtained possession of

money of the plaintiff, which in equity and good conscience he ought to pay over to the plaintiff. . . . An action for money had and received is maintainable whenever the money of one man has, without consideration, got into the pocket of another.'' (See, also *Barnes v. Johnson,* 84 Ill. 95, 96; *Board of Highway Com'rs v. City of Bloomington,* 253 Ill. 164, 175.) If defendant, by reason of the execution of the instrument here involved, was put to any expense or lost any opportunities to sell said capital stock to others to advantage, or was otherwise damaged, there is nothing in defendant's affidavit of merits or in the present record disclosing such facts.

For the reasons indicated the judgment of the municipal court of February 15, 1930, should be and is affirmed.

*Affirmed.*

KERNER and SCANLAN, JJ., concur.