SLOWEY, Plaintiff in Error, v. McMURRAY *et al.*, Defendants in Error.

1. The test by which to determine whether a transaction is a mortgage or a conditional sale is this: if the relation of debtor and creditor remains and a debt still subsists between the parties, it is a mortgage; if, however, there is no debt still subsisting, and the grantor has the privilege of refunding it he pleases by a given time and thereby entitling himself to a reconveyance, it is a conditional sale.

2. If the transaction is a conditional sale, the party seeking a reconveyance to himself must strictly comply with the conditions imposed upon him.

*Error to St. Louis Land Court.*

The petition in substance sets forth that on the 14th day of August, 1855, plaintiff was the owner of a certain lot in the city of St. Louis; that he held the same subject to an encumbrance by deed of trust to secure two notes—one for $616, payable in twelve months—the other for $682, payable in twenty-four months from date; that when said note for $616 became due he was unable to pay the same; that McMurray loaned plaintiff $300, plaintiff agreeing to pay interest thereon at the rate of two and a half per cent. per month for the period of six months; that he gave his several promissory notes to said McMurray for the sum thus loaned; that he delivered to said McMurray $316, with which, together with the money loaned as above stated, he, McMurray, paid the said note of $616 when it became due, and took and kept possession thereof; that, at or about the time the notes executed by him in favor of McMurray fell due, he paid to him

$200 and took up two of the notes given by him; that, when the note for $682 became due, he, plaintiff, failed to pay the same, and the trustee advertised the lot in controversy for sale and proceeded to sell the same; that at and before this sale it was agreed between plaintiff and McMurray that plaintiff should remain in possession of the premises, and that McMurray should bid in the same in his own name for the benefit of plaintiff Slowey and pay said note of $682, and that, if plaintiff would pay back to said McMurray said sum of $682 and also pay him the sum of $150, the balance remaining due and unpaid of said notes made and delivered as above stated by plaintiff to McMurray, within one year from the date of said sale, said McMurray would reconvey said premises to plaintiff; that said McMurray bid for said premises at the trustee's sale on the 14th of August, 1855, the sum of $1,005, and received the trustee's deed therefor; that in pursuance of said agreement the plaintiff remained in possession of the premises intending in good faith to fulfill and perform said agreement; that on the 11th day of October, 1855, he paid McMurray forty dollars in part discharge of the sum of money which he had agreed to pay to said McMurray; that on the 17th day of November, 1855, McMurray sold the premises to one Ackerman for $1,100; that Ackerman took with notice; that at the date of the trustee's sale the whole indebtedness of plaintiff amounted to $840.36; that plaintiff on the 14th of August, 1856, said McMurray being absent from his place of business and out of the state, offered to pay to the wife of McMurray $1,000, being more than the sum due McMurray; that he went to McMurray's place of business for the purpose of paying what was due and of demanding a deed; that said lot was worth $2,000; that at the trustee's sale the plaintiff had procured the attendance of other persons and had made arrangements with them to purchase in the property for him, but he had been induced by McMurray to enter into the agreement above set forth.

The plaintiff prayed the court to annul the deed to Ackerman; that defendants be required to convey to plaintiffs upon

the payment of the debt due to said McMurray ; that if the court should not order the deed to be cancelled judgment be given against McMurray for the sum of $323, the overplus. (with interest) of said McMurray's bid after paying the sum of $682, also for $995, what the land and improvements were really worth over and above the sum of $1,005 bid by Mc-Murray, &c.

Evidence was introduced tending to support the allegations of the petition. The case was tried by the court without a jury. At the close of the testimony the court gave the following instruction or declaration of the law : " On the evidence in this cause the plaintiff can not recover."

*S. T. & A. D. Glover* and *Wingate*, for plaintiff in error.

I. McMurray was a mortgagee. (12 Mo. 30 ; 1 Hoff. Ch. 31 ; 8 Paige, 243 ; 1 How. 118 ; 17 Mo. 61.) The transaction did not cease to be a mortgage simply because Slowey did not pay the debt as by agreement. (6 Gill & Jo. 275 ; 12 How. 151 ; 8 Paige, 243.) McMurray had no right to sell the land without foreclosure. (3 Dev. Eq. 234 ; 6 Ired. Eq. 39 ; 1 Paige, 618.) Having done so he must account for the value of the plaintiff's interest in it. (1 Litt. 84.) The usurious interest paid by Slowey was a lawful credit on on his debt. (3 Dana, 595.)

*I. Z. Smith*, for respondent McMurray.

SCOTT, Judge, delivered the opinion of the court.

As the light in which this and contracts similar to that involved in this suit should be regarded is a matter of some importance, and as cases of this kind are not of unusual occurrence, it may be as well to look a little into this matter.

We do not well see how the transaction between these parties can be regarded as a mortgage or a quasi mortgage, or how the law of mortgages is applicable to it. It may be premised that contracts of this kind are narrowly watched, and courts lean strongly in favor of the right of redemption.

Chancellor Kent says, that the distinction between a mortgage and a bill of sale is, that, if the relation of debtor and creditor remains and a debt still subsists, it is a mortgage ; but if the debt is extinguished by the agreement of the parties, or the money advanced was not by way of loan, and the grantor has the privilege of refunding if he pleases by a given time and thereby entitling himself to a reconveyance, it is a conditional sale. (4 Kent Comm. 145.) In the case before us we conceive that the relation of debtor and creditor had ceased to exist between the parties. The debt between them was extinguished. After the execution of the deed by the trustee to McMurray there was no evidence of any debt due by Slowey to McMurray. The witness Vogel proves that he delivered all evidences of indebtedness on the part of Slowey to McMurray to Slowey. McMurray then no longer had any remedy against Slowey. No remedy existed, nor was it reserved in terms. If the property had proved insufficient to pay the debt which it is maintained existed between the parties, and McMurray had brought a suit for a foreclosure with a view to obtain the balance of his debt after exhausting the mortgaged premises, how would he have stood in a court, with the denial of Slowey that the transaction was a mortgage backed by an absolute deed, and with no evidence of any indebtedness on the part of Slowey ? Can we suppose that a mortgage was contemplated under such circumstances ? In the case of Brant v. Robertson, 16 Mo. 146, the point of inquiry was, whether Brant held the notes of Robertson by assignment from Ford, and, if he did not, whether he advanced the money to Ford in payment of the notes upon any express undertaking of Robertson to pay the money otherwise than by forfeiting his interest in the property. Here the notes were given up to Slowey, and it is not claimed in the petition that the payment and reimbursement of the money was to be made with any other view than to obtain a reconveyance. Under our law, which, as it is understood, allows an absolute deed to be converted into a mortgage, without the averment of any accident, fraud, or mistake,

what security for titles would there be if such verbal promises should be maintained to convert absolute deeds into mortgages? (Glover v. Payn, 19 Wend. 518; Robinson v. Cropley, 2 Edwards Ch. 138.)

The case of Russell v. Geyer et al., 4 Mo., did not arise between the debtor or owner of the property sold and the purchaser. That was a bill by a creditor to subject the interest it was alleged his debtor had acquired by reason of a promise to him that he should redeem. The court held that after the expiration of the time agreed upon for the redemption there was no interest in the debtor which could be subjected to an execution. In the case of Flowers v. Sproule, 2 A. K. Marshall, 509, it was held that a purchaser at a sheriff's sale, promising to return the property to the debtor if the money given is repaid by a certain day, can not be obliged to do so if the money is not punctually paid. It was also held that such a promise was without consideration. In the case of Getman v. Getman, 1 Barb. Ch. 499, real estate was sold under an execution, and the purchaser at the sheriff's sale sold his bid to two other persons, who advanced the money therefor upon an agreement between them and the wife of the judgment debtor that her children should have six years to refund the purchase money and interest, and have a conveyance of the property; it was held that this was a mere agreement with the mother to sell the property to her children at any time within the six years for the purchase money and interest, and that, as there was no agreement on the part of the mother or children to take the property and pay for it within that time, it was an agreement without any consideration to support it, and was therefore invalid; and it was held that it was an agreement required to be in writing within the statute of frauds, even if there had been sufficient consideration to support it. We do not regard the case of Heister v. Madeira, 3 Watts & Serg. 384, as conflicting with those above cited. In that case there was a mutual agreement in writing, signed by the parties before the sale, in which, among other things, it was stipulated that the cred-

itor in the execution should buy and hold the land of the debtor in the execution at the sheriff's sale, and a small sum in comparison with the value of the estate was agreed upon as that at which it should be bid in. There was an unadjusted account between the parties, which was to be settled within three months, and the balance due was to be paid within that time. The greater portion of the debt due on the execution was paid and a receipt for it was endorsed on the agreement. The money not having been paid within the time, the creditor claimed that the deed was absolute. The court regarded the transaction as a mortgage or deed of trust and permitted the heirs of the debtor in the execution to recover the value in money of the interest of their ancestor in the land, as it had been conveyed away by the creditor. As the sum was fixed by the parties at which the land should be bought in, as that sum was greatly below the value of the land as was shown by the debtor's payment at the time of the agreement, causing a great disparity between the value of the land and the sum for which it was sought to be held, and as there was a stipulation in the agreement by the debtor to pay the balance, we can see nothing in the case which impairs the force of those stated in this opinion.

There is another class of cases growing out of the conduct of debtors and purchasers at public sales. This is where the purchaser becomes such under such a state of facts as would make it a fraud to permit him to hold on to his bargain. As if a purchaser, by means of a promise to reconvey to his debtor, should induce a relaxation of the efforts on his part to prevent a sacrifice of his property and thereby obtain it at an under price, or, if the purchaser, taking advantage of that reluctance invariably manifested by those attending public sales to interfere with any arrangement a debtor makes to save his property, should create an impression that he was buying for the debtor, thereby preventing competition, or by any other improper means obtains the property of a debtor at a sacrifice, such conduct would convert the purchaser into a trustee for the benefit of those who were defrauded by his

conduct. Such cases go upon the ground of fraud, and courts will give relief without regard to the circumstance whether the agreement was a written or a verbal one, or whether it was supported by a consideration or not. Such are the cases of Rose v. Bates, 12 Mo. 30 ; Estill v. Miller & Estill, 3 Bibb, 177.

The cases seem to establish these principles : that a promise by one purchasing the property of a debtor at a public sale to reconvey to him must be supported by a sufficient consideration, and, if the subject of the sale is real estate, the promise must be in writing, to take it out of the provisions of the statute of frauds ; that such promises, when made under circumstances like those in this case, even when valid and binding, are regarded as conditional sales, and not as mortgages, and the party insisting on their performance must himself comply with the conditions imposed on him.

Making an application of these principles to the case before us, it will be seen that the contract or promise made by McMurray, even if binding in law, constituted the transaction a conditional sale and not a mortgage ; that the party plaintiff not having complied with the terms of the sale, he can not insist on a reconveyance of the lot ; that the instruction asked by the plaintiff was tantamount to a request to decide the cause in his favor, and as there was no jury, the court itself hearing the cause, we are not of the opinion that the court erred in refusing the request ; we are not of the opinion that the pleadings and evidence in the cause warranted any such instruction. The instruction given was nothing more than the judgment of the court upon the whole case after it had been submitted. No instruction was asked seeking the opinion of the court as to the effect of any fraud in the transaction. The sum at which McMurray resold the lot is a strong circumstance in this case. It is not pretended that the sale was a feigned one.

The question of usury was not raised by the pleadings, and the petition is not framed with a view to obtain any relief under the statute against usury.

As the contract to reconvey was rescinded, the defendant should have restored the forty dollars received under it. There is no error complained of on the score of this omission, but as the plaintiff says that he was to remain in the house, and pay interest on the money, and the defendant says he was to pay twenty-five dollars a month for the privilege of remaining in the house, we may take it that the forty dollars was received as rent. Affirmed; Judge Richardson not sitting. Judge Napton concurs.