James PEARSON, (Plaintiff) Respondent,

v.

ALLIED FINANCE COMPANY, (Defendant) Appellant.

No. 31225.

St. Louis Court of Appeals.

Missouri.

March 19, 1963.

Motion for Rehearing or to Transfer to Supreme Court Denied April 10, 1963.

Murray Steinberg, Richard Marx, St. Louis, for appellant.

Patrick A. Marcella, St. Louis, for respondent.

WOLFE, Acting Presiding Judge.

This is an action in replevin. The defendant Allied Finance Company took possession of an automobile under a chattel mortgage, and the plaintiff, from whom it was taken, replevined it from the Finance Company. Upon trial to the court there was a finding and judgment for the plain-

tiff. The judgment gave the plaintiff possession of the car and $50.00 damages. In due time thereafter, the defendant filed its motion for a new trial, which was overruled, and within time thereafter the defendant appealed.

The facts of the matter are that the plaintiff agreed to buy a used 1960 Chevrolet from the Page-Way Motors, Inc. On April 18, 1960, he gave the Page-Way Motors, Inc. an automobile in trade, for which he was allowed $150.00, and he paid the balance of the purchase price in cash. He was told by the salesman for the Motor Company that the company did not have the title then, but that it would be mailed to him. The plaintiff was given a bill of sale, but never received title to the car, although he made repeated requests for it. On October 30, the automobile was taken from in front of plaintiff's home by agents of the Allied Finance Company. The plaintiff, upon learning who had taken the car, brought the replevin action here under consideration against the Allied Finance Company.

The Finance Company claims the title and right of possession of the car by reason of a chattel mortgage. The facts as they relate to this mortgage are that on April 12, 1960, the Allied Finance Company loaned $14,635 to Page-Way Motors, Inc. to enable it to purchase five automobiles. At the time that the Allied Finance Company made the loan to Page-Way Motors, Inc., it was given an Illinois title to the Chevrolet in question, assigned by Beach & Herring Motors Sales of Murphysboro, Illinois, to Page-Way Motors, Inc. On April 18, 1960, Page-Way Motors, Inc. signed a note for the sum loaned, secured by a chattel mortgage on five cars, including the Chevrolet in question.

The President of the Finance Company testified that it was agreed that the Finance Company would hold Page-Way Motors, Inc.'s titles to the cars, and that when a sale was made the Page-Way Motors, Inc. would pay off the amount of the mortgage that covered the particular car sold before the Finance Company would give Page-Way Motors, Inc. its title to such car. The companies were located close together; Page-Way Motors, Inc. was at 7001 Page Boulevard in St. Louis, and the Finance Company at 7007 Page Boulevard. The mortgage in question was never recorded.

■ It is a rule of law that in replevin the plaintiff's right to recover must rest upon the strength of his own claim to the property, and not upon the weakness of the defendant's right to it. Pearl v. Interstate Securities Co., 357 Mo. 160, 206 S.W.2d 975; Foulke v. McIntosh, Mo.App., 214 S.W.2d 735; Bordman Investment Co. v. Peoples Bank of Kansas City, Mo.App., 320 S.W.2d 72. To apply this rule to the facts before us, we must examine the strength of plaintiff's claim to the car. Section 301.210, subd. 4, RSMo 1949, V.A.M.S., provides that it is unlawful "to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void."

■ This provision is applicable to automobiles titled or purchased in other states and brought to Missouri to be sold, as was the Chevrolet here in question. Bordman Investment Co. v. Peoples Bank of Kansas City, 320 S.W.2d 72, 1. c. 77, supra; Lebcowitz v. Simms, Mo.App., 300 S.W.2d 827; Craig v. Rueseler Motor Co., Mo.App., 159 S.W.2d 374; Mackie and Williams Food Stores v. Anchor Casualty Co., 8 Cir., 216 F.2d 317.

■ It is therefore apparent that although Page-Way Motors, Inc. had a valid Illinois title assigned to it, no valid sale could be made by Page-Way Motors, Inc. without assigning a title to the purchaser.

G. F. C. Corporation v. Nesser, Mo.Sup., 273 S.W.2d 264. This was not done, and under the statute quoted the sale was void and the plaintiff had no title to the car. Kelso v. Kelso, Mo.Sup., 306 S.W.2d 534, 71 A.L.R.2d 258; Bordman Investment Co. v. Peoples Bank of Kansas City, supra; Albright v. Uhlig, Mo.App., 315 S.W.2d 471.

As stated, the trial court held for the plaintiff. The plaintiff below, and the respondent here, relies upon the case of Hadley v. Smith, 268 S.W.2d 444, by the Springfield Court of Appeals. That case was not a possessory action, but a suit in tort for damages to an automobile. The tort feasor questioned the plaintiff's title to the car, and the court held that the plaintiff was in legal possession, and that the defendant who had wrongfully damaged the car could not question the plaintiff's right to recover for the wrong done.

■ While the Hadley case was not a possessory action, it is true that one with a special property interest in a car can maintain an action in replevin against one without any right, such as a mere trespasser. Pearl v. Interstate Securities Co., 357 Mo. 160, 206 S.W.2d 975, supra; Rankin v. Wyatt, 335 Mo. 628, 73 S.W.2d 764, 94 A.L.R. 941. It is appellant's contention that such a situation is not before us because it claims possession under its mortgage on the car, and the mortgage was signed by Page-Way Motors, Inc.

■ This mortgage was executed on April 18, 1960, which is the same day that the purported sale was made to Pearson, the plaintiff. The record does not show which came first on that day, the sale or the execution of the mortgage. Page-Way Motors, Inc. had purchased the car out of the state. The only evidence of title it had, or could have had, at the time of the execution of the mortgage was an Illinois title to the Chevrolet duly assigned to it. Page-Way Motors, Inc. therefore had a good title to the automobile, and it was lawful for it to mortgage it to the defendant. There is no statutory requirement as to the transfer of title certificates in connection with mortgages on automobiles, but the mortgagor must have a legal title for the mortgage to constitute a lien on the car mortgaged. Pearl v. Interstate Securities Co., supra.

■ The mortgage was a binding instrument between the mortgagor who had title and the mortgagee whose loan was to the title holder. The material facts of this case up to this point are closely similar to those in the case of Bordman Investment Co. v. Peoples Bank of Kansas City, 320 S.W.2d 72, supra. In that case an assigned Kansas certificate of title was made to an automobile dealer who made a loan and executed a mortgage in order to purchase the car, and the mortgagee held the title so assigned. The mortgage so given was held good against a subsequent mortgage executed by one who had no certificate of title.

■ There is, however, one material difference between the facts before us and the facts in the Bordman case. The mortgage held good in that case was recorded, and in the case before us it was never recorded. The statute as it relates to unrecorded mortgages on chattels is Section 443.460. It provides that where the property mortgaged is left in possession of the mortgagor, such mortgages, unless recorded or filed in the office of certain recorders of deeds, are not valid against "any creditors who acquire a lien by judicial proceedings or subsequent purchasers, mortgagees, encumbrancers and pledgees on such personal property". The matter before us resolves itself into the question of whether or not the plaintiff comes within the word "purchaser" as used in the statute. The word "purchaser" has been defined in 73 C.J.S. 1257, as follows:

"The word 'purchaser,' like the word 'purchase,' has two well-defined meanings, and when employed in its broad

sense, referring to the acquirement of title, it includes everyone who obtains title otherwise than by descent * * *. However, as commonly employed and as ordinarily used, the term has a more restricted meaning, and a 'purchaser' is understood to be one who obtains through negotiation or the like, for a consideration; and in this sense it includes every person to whom any interest or estate is conveyed for a valuable consideration."

In construing a conveyance of an interest in real estate, our Supreme Court stated that a purchaser "might be one who took by gift or a will". Carson v. Lee, 281 Mo. 166, 219 S.W. 629, 1. c. 632. More in point, however, is the case of National Refining Co. v. United States, 160 F.2d 951, wherein the Circuit Court of Appeals, Eighth Circuit, construed the provisions of 26 U.S.C.A. Int.Rev.Code, § 3672. The Code provided that a lien for taxes shall be invalid "as against any mortgagee, pledgee, purchaser, or judgment creditor" until notice is recorded. In that case the Government was seeking to enforce a tax lien against funds owing to a tax debtor who had assigned the funds owing him to the National Refining Co. in payment of a pre-existing debt. The court held (1. c. 955): "We think it is safe to say that one who, for a valuable present consideration, acquires property or an interest in property is a 'purchaser' within the meaning of 26 U.S.C.A. Int.Rev.Code, § 3672."

This also appears to be a definition suitable to the word as used in Section 443.460, where the Legislature voided an unrecorded chattel mortgage as to "any purchaser". Since the plaintiff paid the purchase price for the car, the question that then arises is whether or not the plaintiff acquired any interest in the automobile. The case of Pearl v. Interstate Securities Co., 357 Mo. 160, 206 S.W.2d 975, 1. c. 978 and 979, considered facts where a sale was made and a certificate of ownership had not been

properly assigned to the buyer. It was held in that case:

"* * * even though plaintiff did not have the legal title, he could recover from one without any right if he could show that he had a special property or interest in the cars which gave him the right to the possession thereof. * * * Certainly he had acquired a sufficient equitable interest to have had the right to compel his assignors to complete the transfer of legal title to him, unless they saw fit to return the purchase price and rescind the sale."

This case was later followed by the Supreme Court in Peper v. American Exchange Nat. Bank in St. Louis, 357 Mo. 652, 210 S.W.2d 41.

Section 301.210 RSMo 1949, V.A.M.S., makes no distinction between a defective transfer of a certificate of ownership and no transfer of the certificate. We therefore hold that under authority of the Pearl case, supra, the facts here presented show that the plaintiff acquired an interest in the automobile. It was a possessive interest sufficient to constitute him a purchaser within the meaning of the mortgage statute in question. The court therefore properly gave judgment for possession to the plaintiff.

■ Defendant-appellant raises a question as to the admissibility in evidence of the bill of sale given to Pearson, the plaintiff-respondent, by Page-Way Motors, Inc. It is contended that the bill of sale is "hearsay evidence". The obvious absurdity of this contention relieves us from a further consideration of it. It is also contended that a photostatic copy of the cashier's check given Page-Way Motors, Inc. is not the best evidence. Whether it is or is not is wholly immaterial, as there is sufficient evidence without the check itself that Pearson purchased the automobile from Page-Way Motors, Inc. in accordance with the terms of the bill of sale.

Another point raised by the defendant is that the court erred in awarding $50.00 damages because there was no evidence of damages. There was evidence that the car, when taken by the defendant, had some shoes and other articles in the trunk. There is no showing as to the value of the articles or that they were not still in the trunk when the plaintiff replevined the car. The court therefore erred in awarding damages to the plaintiff.

By reason of the conclusions we have reached above, the judgment is affirmed as to the award of possession to the plaintiff, but reversed and remanded for a new trial on the question of damages only.

JACK P. PRITCHARD and J. MORGAN DONELSON, Special Judges, concur.

RUDDY, P. J., and ANDERSON, J., not participating.