**MUTUAL FINANCE COMPANY, a Corporation, (Plaintiff) Respondent,**

**v.**

**GOODMAN FINANCE COMPANY, a Corporation, (Defendant) Appellant.**

No. 31304.

St. Louis Court of Appeals.

Missouri.

April 16, 1963.

Motion for Rehearing or to Transfer to Supreme Court Denied
May 14, 1963.

Roberts & Roberts, Raymond R. Roberts, Farmington, for appellant.

Melvin E. Carnahan, Rolla, for respondent.

WOLFE, Judge.

This is an action to replevin an automobile brought by the holder of a mortgage on an automobile. The defendant in possession claimed title by reason of an assignment of a foreign car registration, a bill of sale, a mortgage, and a Missouri certificate of title. There was a judgment for the plaintiff, and the defendant has appealed.

The case was presented upon what is denominated as a "Stipulation of Facts" and the testimony of one witness called by the defendant. The facts as stipulated are as follows:

"1. That both Plaintiff and Defendant are Corporations organized and existing under the laws of the State of Missouri and capable of suing and being sued under the laws of the State of Missouri.

"2. That defendant is now in possession of a certain 1960 Ford convertible automobile, Serial No. OU-55X155671 and that it has held possession of said automobile since on or about July 12, 1961.

"3. That on or about July 26, 1960, Montgomery Ford Sales of Rolla, Missouri, sold said 1960 Ford Automobile to one Robert Chapman for Frontier Auto Sales. That the said Robert Chapman was at all times herein mentioned engaged in the business of selling new and used automobiles doing business as Frontier Auto Sales with Gordon Perry and certain others, Waynesville, Missouri, and as a part of said transaction the said Montgomery Ford Sales delivered an application for title to said Frontier Motor, Waynesville, Missouri, a copy of which is attached hereto and marked Exhibit 'A' and subsequently delivered to the said Robert Chapman Missouri Title No. 021473 standing in the name of Montgomery Ford, a copy of which is attached hereto and marked Exhibit 'B'.

"4. As a part of said transaction the said Robert Chapman executed and delivered to Montgomery Ford Sales a note and chattel mortgage which are attached hereto and made a part hereof and are marked Exhibits 'C' and 'D'. Defendant admits said Chapman's power and authority to Bind Frontier Auto Sales.

"5. That no Missouri Sales Tax was ever paid on such transaction.

"6. Said Montgomery Ford Sales did thereafter on the 26th day of July endorse, assign and deliver to Plaintiff said note and chattel mortgage for valuable consideration and the same were filed and recorded in the Office of Recorder of Deeds of Phelps County, Missouri, on August 8th, 1960.

"7. That as of the 10th day of January, 1962, Plaintiff had never held a certificate of title to said motor vehicle.

"8. That the said Robert Chapman is now in default on said note and chattel mortgage and that there is a balance due and owing thereon of $2,232.00.

"9. That on or about the 12th day of November, 1960, Frontier Auto Sales at Waynesville, Missouri, sold said Ford automobile to one Adolph Berthold, a member of the Armed Services then stationed at Fort Leonard Wood, Missouri, and a resident of the State of Oklahoma and delivered to the said Adolph Berthold a bill of sale to said motor vehicle, and Exhibit 'A'.

"10. That said Adolph Berthold executed and delivered to Frontier Auto Sales a note and chattel mortgage which are attached hereto and marked Exhibits 'E' and 'F'.

"11. That thereafter the said Frontier Auto Sales did endorse, assign and deliver said note and chattel mortgage to Defendant for valuable consideration and the same were filed and recorded in the Office of the Recorder of Deeds of Pulaski County, Missouri, at 11:35 A.M. on December 16, 1960.

"12. That on the 5th day of December, 1960, Adolph Berthold was issued Alabama title to said vehicle Tag No. C51490 (1960) 23–11, 250 (1961), a copy of which is attached hereto and marked Exhibit 'G'.

"13. That thereafter Adolph Berthold defaulted on said chattel mortgage. Defendant now holds a bill of sale assigning said vehicle to Defendant and purporting to have been executed and delivered by Adolph Berthold. Said Bill of Sale is attached hereto and marked Exhibit 'H'.

"14. That thereafter, the State of Missouri issued to Defendant title No. 771 732 to said vehicle which Defendant still holds and which is attached hereto and marked Exhibit 'I'.

"FILED: April 6, 1962."

The defendant called one witness, V. Lee Gammon. Mr. Gammon was the General Manager of the defendant Finance Company. He testified about the mortgage that his company took from Berthold. He said that Berthold defaulted, and that the Ford convertible here in question was placed in storage by agreement with Berthold. The car, together with the title and the bill of sale mentioned in the Statement of Facts, was left with the Frontier Auto Sales. It was agreed that Berthold could redeem the car upon return from a tour of duty away from Fort Leonard Wood, where he was then stationed. The defendant's manager further testified that the car was not redeemed, and that he got the car and the papers mentioned from Frontier Auto Sales.

It is rather difficult to analyze the complex transactions set forth in the Statement of Facts as they relate to the defendant's transactions, because the exhibits attached are in some respects in contradiction of the facts as stated.

In the first place, Berthold, the one to whom Frontier Auto Sales is said to have sold the automobile in question, did not receive a bill of sale. The exhibit attached as a bill of sale to Berthold is the original bill of sale received by Frontier Auto Sales when the car was first purchased. Another variance between the exhibits and the facts agreed upon is that the mortgage signed by Berthold at the time of the alleged purchase and which the defendant holds by assignment, is not a mortgage on the car here in question but on a car of different type and serial number.

■ Our first concern, however, is with the question of the plaintiff's right to possession, for if the plaintiff has no right, then the weakness of the defendant's right to possess is of no importance. It is the established rule that in replevin, the plaintiff must recover upon the strength of its own claim to the property, and not upon a weakness of the defendant's claim. Pearl v. Interstate Securities Co., 357 Mo. 160, 206 S.W.2d 975; Foulke v. McIntosh, Mo. App., 214 S.W.2d 735; Bordman Investment Co. v. Peoples Bank of Kansas City, Mo.App., 320 S.W.2d 72; Pearson v. Allied Finance Company, St. Louis Court of Appeals, 366 S.W.2d 6.

The mortgage, under which the prevailing plaintiff claimed title by reason of a default in payment, was signed by Robert Chapman. This mortgage secured a note given in purchase of the car, and also signed by Chapman. At the time of its execution, apparently, the seller gave a bill of sale and later an assigned Missouri title to Frontier Auto Sales. The plaintiff seeks to assert that Chapman was doing business as the Frontier Auto Sales. He predicates this upon a statement by witness Gammon. Gammon was asked if the Frontier Auto Sales was a partnership or an individual doing business. He answered, "As far as I know, individual doing business." He was then asked who the individual was, and he stated that it was Robert D. Chapman. The assertion of this witness was not stated as a fact, but only as a statement of his knowledge of the situation.

■ We cannot accept this as a fact in view of the stipulation that Frontier Auto Sales was the name under which Chapman and Gordon Perry and others did business. The respondent, the prevailing plaintiff below, also relies upon a stipulated fact that Chapman had the power and au-

thority to bind Frontier Auto Sales. This would certainly be of value to the plaintiff if Chapman had sought to bind the Frontier Auto Sales, but he did not. The note and mortgage on which plaintiff's claim is predicated are signed by Chapman as an individual. This mortgage, upon which the plaintiff relied, shows upon its face that it was never executed by or on behalf of anyone who ever held title to the car. The plaintiff's claim to possession must fail, even though the defendant's claim is quite nebulous. It fails for the reason that the right under which it claims does not exist.

The judgment is reversed.

RUDDY, P. J., and ANDERSON, J., concur.