**Gregory T. O'TOOLE, Plaintiff–Respondent,**

v.

**DUNSMITH, INC. d/b/a Goodyear Tire Center, Defendant–Appellant.**

No. 53726.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 23, 1988.

Theodore G. Pashos, Amelung, Wulff & Willenbrock, St. Louis, for defendant-appellant.

Sandford J. Miller, Sachs & Miller, St. Louis, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Plaintiff is the owner of Cypress Auto Body and Cypress Motors. In June 1982, he was assembling a van from parts for a customer, Mr. Kruse. When the van was nearly completed, Mr. Kruse realized he would not have enough money to pay plaintiff for his efforts, in spite of the fact Mr. Kruse had been providing the parts. The two reached an agreement whereby plaintiff would purchase the van from Mr. Kruse for cash and two cars.

Mr. Kruse did not have title to the parts he sold plaintiff although he had bills of sale for them. In order to obtain a title document, plaintiff followed standard procedure for obtaining one by contacting the Missouri Highway Patrol and asking them to inspect the van for stolen parts. Such inspection involves examination of all the parts for serial numbers and then a check to make sure that all the parts are "clear". The officer who conducted the inspection discovered that the rear section (also known as the rear clip) was stolen. The title to the rear clip was in the name of American Family Insurance. Plaintiff contacted American Family Insurance and agreed to purchase the rear clip. While plaintiff was obtaining estimates, American Family Insurance allowed him to retain possession of the rear clip. Plaintiff eventually paid $383 for the part.

Plaintiff contacted defendant to put a transmission and drive shaft into the van. He specifically asked one of the defendant corporation's owners, Justin Toish, to keep the van inside the shop to protect it from vandalism.

In June 1983, plaintiff received a telephone call from Mr. Toish. Plaintiff was told that there had been a fire and he should come to defendant's place of business right away. Upon arrival, plaintiff discovered that the van was outside the shop, and it had been severely damaged by fire apparently intentionally set.

Defendant refused to pay for the damage. Thereafter, plaintiff filed a two count

petition against defendant. Count I was based on negligence and Count II on breach of a bailment contract. The case was tried without a jury and resulted in a judgment in favor of plaintiff on Count I in the amount of $5,200. On Count II, the court found in favor of defendant. Neither party requested that the court prepare an opinion or findings pursuant to Rule 73.01. Defendant appeals the judgment and damages on Count I. We affirm the judgment of the trial court.

Defendant raises three points on appeal. First, that the trial court erred in overruling defendant's motion for directed verdict because plaintiff was not the titled owner of the van. Second, the trial court erred in overruling defendant's motion for directed verdict in that plaintiff failed to prove damages as to the items of personal property in the van.[1] Finally, the trial court abused its discretion by not allowing defendant to cross-examine plaintiff regarding plaintiff's lack of title.

We will sustain the judgment of the trial court unless there is no substantial evidence to support it, it goes against the weight of the evidence, or it erroneously declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In defendant's first point we need to determine if plaintiff was the real party in interest, despite the fact that title had not yet been transferred to him. The facts indicate that upon receiving the parts for the van plaintiff had them checked and discovered one part, the rear clip, was stolen. Plaintiff contacted the certificate owner, American Family Insurance, and arranged to purchase the part for $383. The owner told plaintiff he could retain possession of the rear clip pending payment.

■ As the certificate owner of the part, American Family Insurance had a legal right to transfer possession pending completion of the sale. *Strebler v. Hampton Metro Bank*, 686 S.W.2d 28, 30 (Mo.App. 1984). While plaintiff did not have legal title in the rear clip, he did have a special property interest and the right of posses-

sion. *Hadley v. Smith*, 268 S.W.2d 444, 450 (Mo.App.1954).

■ Since plaintiff did have a valuable property interest in the van, he had the right to protect that interest from another's negligence. *Id.; see also, Pearson v. Allied Finance Company*, 366 S.W.2d 6, 9 (Mo.App.1963). We find no reason why plaintiff should not be able to recover from defendant for injuries to plaintiff's property interest caused by defendant's negligence. *Hadley*, 268 S.W.2d at 451.

We, therefore, hold that plaintiff was the real party in interest because he did have a valuable property interest in the van. The trial court did not err in denying defendant's motion to dismiss.

Defendant's second point asserts that plaintiff should not have been able to recover damages for the value of the van because title was in the name of American Family Insurance. Moreover, there was insufficient evidence adduced as to the value of any personal property in the van, therefore, plaintiff should not have been able to recover any damages. We note, however, that the "personal property" in question included rugs, custom seats, cabinets, and things which plaintiff had installed in the van during his process of customizing the vehicle.

■ We have already determined that plaintiff is the real party in interest, *supra*. He can, therefore, recover the difference in the market value of the van itself. It is not necessary to separate and value each piece of personal property. The destruction by fire of the fixtures within the van would clearly reduce the market value of the entire vehicle. Point II is denied.

■ Under the last point, defendant claims that the trial court erred in sustaining an objection to a question directed to plaintiff on cross-examination. After plaintiff agreed that he did not have a certificate of title to the van at the time of the fire, defendant's attorney asked plaintiff, "So, if you were to go out and attempt to

---

1. Such motions filed after the close of plaintiff's evidence in a court tried case are filed under authority of Rule 67.02 and are properly denominated as motions to dismiss.

sell that van on the night of the fire, you couldn't have sold it because you didn't have the title; is that right?" Plaintiff's attorney objected on grounds that, "this is irrelevant and immaterial." The objection was sustained. Defendant's attorney made no offer of proof; nor did he avail himself of the provisions of Rule 73.01 whereby, after the court sustained the objection, "the court upon request shall take and record the evidence in full, unless it clearly appears that the evidence is not admissible on any ground or that the evidence is privileged."

Defendant now argues that sustaining the objection constituted an abuse of the discretion a trial court may exercise in limiting the scope of cross-examination. We cannot agree. Although defendant made no record before the trial court as to why the question should have been answered thus leaving nothing in the record to be reviewed, we will assume that defendant wished to show that plaintiff's lack of a title certificate immediately prior to the fire substantially reduced the value of the van. This could have been argued to diminish the damages by decreasing the difference between the value of the van before and after the fire. Such diminution of value is the proper measure of damages in cases of this nature, unless the cost of repair is relatively insignificant as compared to the value of the property. *Tull v. Housing Authority Of the City Of Columbia,* 691 S.W.2d 940, 942 (Mo.App.1985).

After testifying to his extensive experience in such matters, plaintiff had expressed his opinion that the value of the van before the fire was $9,000, and $3,500 after the fire. He also testified that he had an offer from a prospective purchaser to buy it for $8,700. It was undisputed that plaintiff purchased the rear clip from American Family Insurance and that he had the necessary paper work to have a new certificate of title issued.

In light of the foregoing, it was indeed irrelevant and immaterial that immediately prior to the fire he could not have sold the vehicle under § 301.210, RSMo 1986, which requires that a certificate of title accompa-ny such transaction. The uncontradicted evidence as to the value of the van went to its inherent value, not its availability for immediate sale.

The judgment of the trial court is affirmed.

PUDLOWSKI, C.J., and DOWD, J., concur.

